IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

Case No. ___3:23cv516___

MICHAEL GRECCO
PRODUCTIONS, INC.,

    Plaintiff,

v.

BLACK CONNECTIONS LLC,

    Defendant.

## COMPLAINT

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") sues defendant Black Connections LLC,("Defendant"), and alleges as follows:

### THE PARTIES

1.    Plaintiff is a corporation organized and existing under the laws of the State of California with a principal place of business at 3103 17th Street, Santa Monica, CA 90405.

2.    Defendant is a corporation organized and existing under the laws of the State of Virginia with its principal place of business located at 10221 Krause Rd, Suite 188, Chesterfield, VA 23832. Defendant's agent for service of process is Sandra Lee Wilson, 6619 Manassas Drive, Chesterfield, VA 23832.

### JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    This Court has jurisdiction over Defendant because it maintains sufficient minimum contacts with Virginia such that the exercise of jurisdiction over it would not offend

traditional notions of fair play and substantial justice.

5.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The language 'may be found' means any district which may assert personal jurisdiction over a defendant." <u>Johnson v. Sky Media, LLC</u>, No. 1:19-3269-MGL-PJG, 2020 U.S. Dist. LEXIS 73016, at *16-17 (D.S.C. Apr. 23, 2020).  In other words, venue is proper in his District because Defendant is subject to personal jurisdiction in this District.  <u>See</u> <u>Big Guy's Pinball, LLC v. Lipham</u>, No. 14-CV-14185, 2015 U.S. Dist. LEXIS 89512, at *2 (E.D. Mich. July 10, 2015).

## FACTS

### I.     Plaintiff's Business and History

6.      Plaintiff is a celebrity photography agency, owned and operated by award-winning photojournalist Michael Grecco, that is hired by top-tier media outlets to take photographs of celebrities. Mr. Grecco has photographed legendary musicians, actors, directors, Olympians, technologists, comedians, athletes, fashion models and automobiles – such as Johnny Cash, Steven Spielberg, Will Smith, Chris Rock, Penelope Cruz, Steve Martin, Olympian Janet Evans, the SnapChat Founders, and Porsche's 911 sports automobile.

7.      Mr. Grecco's photographs are widely published in some of the world's most prominent magazines, including but not limited to, *Vanity Fair*, *Rolling Stone*, *ESPN Magazine*, *Time*, Forbes and *Esquire*.

8.      Using state-of-the-art equipment and signature lighting techniques, Mr. Grecco creates high-end photography licensed by some of the top publishers in this Country. When commissioned for a job, Mr. Grecco spends countless hours capturing hundreds of photographs and then processing those photographs to ensure they meet customers' requirements.

9.      Plaintiff maintains a commercial website (https://grecco.com/) which describes the

2

photography services offered by Mr. Grecco, hosts a sample portfolio of photographs taken and Cinemagraphs created by Mr. Grecco, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

10. Plaintiff owns the photographs and serves as the licensing agent with respect to licensing such photographs. Plaintiff was formed in 1998 as "Michael Grecco Photography, Inc." At that time, Mr. Grecco transferred the rights with respect to his existing copyrights (pursuant to a written assignment agreement) to Michael Grecco Photography, Inc. In 2012, the company name was formally changed to Michael Grecco Productions, Inc. to accommodate for the expansion into motion productions in addition to photography. Later, in 2014, Plaintiff created "Michael Grecco Photography" as a d/b/a of Plaintiff.

11. Plaintiff licenses its photographs on an exclusive and non-exclusive basis to top-tier media outlets. Plaintiff has licensed individual images of celebrities for thousands of dollars to major top-tier outlets.

II.   **The Work at Issue in this Lawsuit**

12. In 2002, Plaintiff created a professional photograph of former professional basketball player Lisa Deshaun Leslie (the "Work"). A copy of the Work is exhibited below:



13.     The Work was registered by Plaintiff with the Register of Copyrights on November 18, 2002 and was assigned Registration No. Vau 590-445. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

14.     Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III.     Defendant's Unlawful Activities

15.     Defendant is a company dedicated to "[r]aise awareness about black owned businesses in an effort to increase profits and support through collaboration and promotion (…)".[1]

16.     Defendant advertises/markets its business primarily through its website (https://blackconnectionsllc.com/), social media (e.g., https://www.facebook.com/blackconnections), and other forms of advertising.

17.     On July 7, 2019 (after Plaintiff's above-referenced copyright registration of the

---

[1] https://blackconnectionsllc.com/about-black-connections-llc/

4

Work), Defendant published a copy of the Work on its Facebook page (at

https://www.facebook.com/blackconnections/photos/a.1237869693045108/1384815258350550/)

:



18.     A true and correct copy of screenshots of Defendant's website, webpage, and./or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

19.     Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

20.     Defendant utilized the Work for commercial use - namely, in connection with the marketing and advertising of Defendant's business.

21.     Upon information and belief, Defendant located a copy of the Work on the internet and rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

22.     Through its ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work on December

5

14, 2021. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of its Work.

23.     All conditions precedent to this action have been performed or have been waived.

### COUNT I – COPYRIGHT INFRINGEMENT

24.     Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

25.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

26.     Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

27.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to his own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

28.     Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

29.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

30.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.  Notably, Defendant itself utilizes a copyright disclaimer on its website ("2020 © Black Connections LLC - All Rights Reserved."), indicating that Defendant understands the importance of copyright protection/

6

intellectual property rights and that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

31. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

32. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

33. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

34. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

35. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

36. All conditions precedent to this action have been performed or have been waived.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: August 15, 2023.                     Michael Grecco Productions, Inc.

                                            By: /s/ Matthew W. Smith_____
                                                        Counsel

Matthew W. Smith
Va. State Bar No. 44558
*Attorney for the Plaintiff*
OTEY SMITH & QUARLES
485 McLaws Circle
Williamsburg, VA 23185
T 757.903.2665
F 757.561.2378
MSMITH@OSQLAW.COM

8