IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL GRECCO PRODUCTIONS, INC.,

        Plaintiff,

v.                                          Civil Action No. 3:23cv516

BLACK CONNECTIONS LLC,

        Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Michael Grecco Productions Inc.'s ("Grecco Productions") Motion for Entry of Final Judgment by Default Against Defendant Black Connections LLC ("Black Connections") Memorandum of Law (the "Motion"). (ECF No. 10.) For the reasons that follow, the Court will deny the Motion without prejudice.

### I. Factual and Procedural Background

**A.    Factual Background[1]**

Plaintiff Grecco Productions is a "celebrity photography agency, owned and operated by award-winning photojournalist Michael Grecco, that is hired by top-tier media outlets to take photographs of celebrities." (ECF No. 1 ¶ 6.) Michael Grecco, the owner of Grecco Productions, photographs high-profile "musicians, actors, directors, Olympians, technologists, comedians, athletes, fashion models and automobiles," and his photographs are featured in

---

[1] All of the following facts are drawn from Grecco Productions' Complaint, Motion, and all attached documents submitted with those filings because Defendant Black Collections has not responded to the Complaint. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (requiring a court considering a default motion to determine whether a plaintiff's well-pleaded allegations support the relief sought).

"some of the world's most prominent magazines, including but not limited to, *Vanity Fair, Rolling Stone, ESPN Magazine, Time, Forbes* and *Esquire*." (ECF No. 1 ¶¶ 6–7.)

Grecco Productions "was formed in 1998 as 'Michael Grecco Photography, Inc.'" (ECF No. 1 ¶ 10.) "In 2012, the company name was formally changed to Michael Grecco Productions, Inc." (ECF No. 1 ¶ 10.)

1.  **The Work at Issue**

In 2002, Grecco Productions, then known as "Michael Grecco Photography, Inc." created a photograph of former professional basketball player Lisa Deshaun Leslie (the "Work"). (ECF No. 1 ¶ 12.) On November 18, 2002, pursuant to 17 U.S.C. § 411(a),[2] Michael Grecco Photography Inc. registered the Work with the Register of Copyrights. (ECF No. 1 ¶ 13; ECF No. 1-1, at 2.) The United States Copyright Office then issued Michael Grecco Photography Inc. a Certificate of Registration that included the Work and gave the Work the registration number "Vau 590-445." (ECF No. 1 ¶ 13.)

2.  **Defendant's Use of the Work**

Defendant Black Connections is incorporated in Virginia with both its principal place of business and registered agent in Chesterfield, Virginia. (ECF No. 1 ¶ 2.) Black Connections is a business "dedicated to 'rais[ing] awareness about black owned businesses in an effort to increase

---

[2] 17 U.S.C. § 411, "Registration and civil infringement actions", states, in relevant part:

(a) Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.

17 U.S.C. § 411(a).

profits and support through collaboration and promotion.'" (ECF No. 1 ¶ 15.) On July 7, 2019, Black Connections "published a copy of the Work on its Facebook page." (ECF No. 1 ¶ 17.) Black Collections uses its Facebook page to advertise its business. (ECF No. 1, at ¶ 16.)

On December 14, 2021, Grecco's owner, Michael Grecco, discovered the Work on Black Collections' Facebook page.[3] (ECF No. 1 ¶ 22; ECF No. 10-1, Grecco Decl. ¶ 3.) Black Connections has never sought permission from Grecco Productions to use the Work for any purpose, nor has Grecco Productions authorized Black Connections to use the Work for any purpose. (ECF No. 1 ¶ 19.) Nevertheless, Black Connections used the Work for commercial purposes to advertise its business. (ECF No. 1 ¶ 20.) Grecco Productions contends that Black Connections "located a copy of the Work on the internet rather than contact[ing] Plaintiff to secure a license." (ECF No. 1 ¶ 21.)

### B. **Procedural Background**

#### 1. **Pre-Filing Communication**

Grecco Productions, through counsel, notified Black Connections of the unauthorized use. (ECF No. 1 ¶ 22; ECF No. 10-1, Grecco Decl. ¶ 12.) Specifically, Mr. Grecco attests to his understanding that his counsel notified Black Collections of the improper use in writing via e-mail and through Federal Express. (ECF No. 1 ¶ 22; ECF No. 10-1, Grecco Decl. ¶ 12.) Despite these notices, Grecco Productions "has been unable to negotiate a reasonable license for the . . . infringement of its Work." (ECF No. 1 ¶ 22.)[4]

---

[3] Mr. Grecco states in his Declaration in Support of the Motion that he discovered Black Connections' use of the Work through a reverse image search. (ECF No. 10-1, Grecco Decl. ¶ 11.)

[4] Grecco Productions does not explicitly state in its filings whether Black Connections responded in any form to these notices.

3

### 2. **Filing of the Complaint and Attempted Service of Process**

On August 15, 2023, Grecco Productions filed a one-count Complaint claiming copyright infringement against Black Collections. (ECF No. 1, at 6.) In the Complaint, Grecco Productions seeks damages and injunctive relief based on Black Connections' unauthorized use of the Work. (ECF No. 1 ¶ 36.) Specifically, Grecco Productions requests the following relief in its Complaint: (1) declaration of infringement; (2) declaration of willful infringement; (3) actual damages and disgorgement of profits, or, alternatively, statutory damages for willful infringement; (4) costs and reasonable attorneys' fees; (5) "interest, including prejudgment interest"; (5) a permanent injunction; and (6) any other relief that the Court deems proper. (ECF No. 1 ¶ 36.)

On August 22, 2023, Grecco Productions' process server was "unable to make personal service" on Black Connections' registered agent. (ECF No. 6, at 3.) In lieu of personal service, that same day, the process server "[p]osted" the Summons and Complaint "on [the] front door or such other door as appears to be the main entrance of usual place of abode" of Black Connections' registered agent. (ECF No. 6, at 3.) On September 5, 2023, Grecco Productions returned Black Collections' executed summons to the Court. (ECF No. 6.) To date, Black Collections has not made an appearance nor filed a responsive pleading. *See* Federal Rule of Civil Procedure 12(a).[5]

---

[5] Federal Rule of Civil Procedure 12(a) provides in relevant part:

(1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

 (A) A defendant must serve an answer:

  (i) within 21 days after being served with the summons and complaint; or

4

On September 20, 2023, Grecco Productions requested that the Clerk of Court enter default as to Black Collections. (ECF No. 7.) On September 26, 2023, the Clerk entered default. (ECF No. 8.) On October 27, 2023, Grecco filed a Motion for Entry of Final Judgment by Default Against Defendant (the "Motion"). (ECF No. 10.) In the Motion, Grecco Productions requests as relief: (1) $95,712.00 in statutory damages (three times the Work's $31,904 licensing fee; (2) Plaintiff's "costs"; (3) a permanent injunction; and (4) "any other relief the Court deem[s] just and proper." (ECF No. 10, at 9, 11, 14.)

## II. Standard of Review

### A. Default and Default Judgment

Federal Rule of Civil Procedure 55 governs default judgment. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The party seeking entry of default judgment must then "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

A defendant in default "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

---

(ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

Fed. R. Civ. P. 12(a)(1).

5

The clerk's entry of default does not itself warrant the Court's entry of default judgment. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 419 n.6 (4th Cir. 2010) (noting that "[e]ntry of default raises no protectable expectation that a default judgment will follow") (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998) (citation omitted)). Rather, entry of default judgment is left to the discretion of the trial court. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203–04 (4th Cir. 2006) ("*Brake*"). Before entry of default judgment, the Court must determine whether the allegations of the complaint support the relief sought. *See Brake*, 439 F.3d at 203. This is so because "[d]efault is a harsh measure because it ignores the merits," *Bogopa Serv. Corp. v. Shulga*, No. 3:08-CV-365 (MR), 2009 WL 1628881, at *3 (W.D.N.C. June 10, 2009), and "the Fourth Circuit has a 'strong policy that cases be decided on the merits.'" *State Employees' Credit Union v. Nat'l Auto Leasing, Inc.*, No. 2:06-CV-663 (JBF), 2007 WL 1459301, at *1 (E.D. Va. May 14, 2007) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)).

### B.     Relationship Between Personal Jurisdiction and Default Judgment

Personal jurisdiction is a prerequisite to a court's power to enter a default judgment against a defendant. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction . . . is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication."); *see also Kumar v. Rep. of Sudan*, 880 F.3d 144, 160 (4th Cir. 2018) (same). "[A]ny judgment entered against a defendant over whom the court does not have personal jurisdiction is void." *Koehler v. Dodwell*, 152 F.3d 304, 306–07 (4th Cir. 1998); *see also Foster v. Arletty 3 SARL*, 278 F.3d 409, 414 (4th Cir. 2002) ("A default judgment entered by a court which lacks jurisdiction over the person of the [defendant] is void . . . .") (quoting *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir.

6

1992)); *Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc.*, 733 F.2d 1087, 1087 (4th Cir. 1984) (concluding "that the [default] judgment was void for lack of personal jurisdiction of the defendant" and reversing); *Kumar*, 880 F.3d at 152 (observing that "[i]f the district court lacked personal jurisdiction, then the judgment against [the defendant] is void") (citing *Koehler*, 152 F.3d at 306–07); *Mid-Century Ins. Co. v. Thompson*, 2:18-CV-459 (MSD), 2019 WL 3769952, at *3 (E.D. Va. Aug. 9, 2019) ("[A] judgment is void when a court enters it without personal jurisdiction over a defendant . . . .") (citing *Armco, Inc.*, 733 F.2d at 1089); *Tube-Mac Industries, Inc. v. Campbell*, 2:20-CV-197 (RCY), 2021 WL 291281, at *4–5 (E.D. Va. Jan. 28, 2021) (declaring the Clerk's Entry of Default void and setting it aside after finding that a Western District of Pennsylvania district court lacked personal jurisdiction over the defendant at the time that court entered default).

Along with the constitutional and statutory requirements for personal jurisdiction, service of process must be properly effectuated on the defendant for a court to have personal jurisdiction over that defendant. *See FDIC v. Schaffer*, 731 F.2d 1134, 1135-36 (4th Cir. 1984) ("[A]bsent effective service of process a court is without jurisdiction to render a personal judgment against a defendant."); *see also Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc.*, 920 F. Supp. 2d 659, 662–63 (E.D. Va. 2013) (explaining that even where there is "no doubt that the statutory and constitutional requirements for personal jurisdiction are satisfied because the defendant is a commercial business located in Hampton, Virginia", the "remaining question is whether there was effective service of process on the defendant", because "there must be 'effective service of process' to provide this [c]ourt with personal jurisdiction." (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).)

### C. Service of Process on Virginia LLCs

"The Federal Rules of Civil Procedure provide that service of process can be made on corporations [or LLCs] by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or service is made' [or] 'by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" *J & J Sports Prods., Inc. v. Wing Bistro LLC*, No. 4:13CV31 (RBS), 2013 WL 6834645, at *3 (E.D. Va. Dec. 19, 2013) (citing Fed. R. Civ. P. 4(e)(1) & 4(h)(1)). "It is well settled that notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at *2 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, (1950)). "The notice must be of a nature as to 'reasonably convey the required information.'" *Id.* (quoting *Mullane*, 339 U.S. at 314.)

Virginia Code § 8.01–299[6] allows for service on LLCs in multiple ways. For example, Va. Code § 8.01–299(1) permits service by "personal service of any officer, director, or

---

[6] Va. Code § 8.01-299 provides:

Except as prescribed in § 8.01-300 as to municipal and quasi-governmental corporations, and subject to § 8.01-286.1, process may be served on a corporation or limited liability company created by the laws of the Commonwealth as follows:

1. By personal service on any officer, director, or registered agent of such corporation or on the registered agent of such limited liability company;

2. By substituted service on stock corporations in accordance with § 13.1-637, on nonstock corporations in accordance with § 13.1-836, and on limited liability companies in accordance with § 13.1-1018; or

3. If the address of the registered office of the corporation or limited liability company is a single-family residential dwelling, by substituted service on the registered agent of the

8

registered agent.'" *J & J Sports Prods., Inc.*, 2013 WL 6834645, at *3 (emphasis added).

Additionally, Va. Code § 8.01-299(2) allows for "substituted service . . . on limited liability companies in accordance with § 13.1-1018."[7] Va. Code § 13.1-1018, in turn, provides that where an LLC's registered agent cannot be found with "reasonable diligence", a party may treat "the clerk of the Commission" as the LLC's agent for purposes of service, and service "may be made in accordance with § 12.1-19.1."[8]  Va. Code § 13.1-1018.

---

corporation or limited liability company in the manner provided by subdivision 2 of § 8.01-296.

Va. Code § 8.01-299.

[7] Va. Code § 13.1-1018 provides:

A. A domestic or foreign limited liability company's registered agent is the limited liability company's agent for service of process, notice, or demand required or permitted by law to be served on the limited liability company. The registered agent may by instrument in writing, acknowledged before a notary public, designate a natural person or persons in the office of the registered agent upon whom any such process, notice or demand may be served. Whenever any such person accepts service of process, a photographic copy of such instrument shall be attached to the return.

B. Whenever a domestic or foreign limited liability company fails to appoint or maintain a registered agent in this Commonwealth, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the clerk of the Commission shall be an agent of the limited liability company upon whom service may be made in accordance with § 12.1-19.1.

C. This section does not prescribe the only means, or necessarily the required means, of serving a domestic or foreign limited liability company.

Va. Code § 13.1-1018.

[8] Va. Code § 12.1-19.1 provides in relevant part:

A. Whenever by statute the clerk of the Commission is appointed or deemed to have been appointed the agent of any individual, corporation, limited partnership or other entity for the purpose of service of any process, notice, order or demand, except one issued by the Commission, service on the clerk shall be made by leaving two copies of the process for each defendant, together with the fee or fees specified in subsection G of this section, in

9

If the address of the registered office of a Virginia LLC is a single-family residential dwelling, substituted service on the registered agent of the LLC in the manner described for individuals in Va. Code § 8.01–296(2), known informally as "nail and mail" service, is also permitted. *See* Va. Code § 8.01-299(3). Va. Code § 8.01–296(2) provides that so-called "nail and mail" service can be used if no person qualified to receive service of process is present at the usual place of abode. In that case, substituted service may be effected "by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode." Va. Code § 8.01–296(2)(b).) This form of service is effective "provided that not less than 10 days before judgment by default may be entered, the party causing service or his [or her] attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing.'" Va. Code § 8.01–296(2)(b).

### III. Analysis

Grecco Productions asserts that Black Connections infringed its copyright in violation of 17 U.S.C. § 501, and asks the Court to enter default judgment against Black Connections on this basis. (ECF No. 1 ¶ 29; *see generally* ECF No. 10.) Prior to entering default judgment, the Court must have personal jurisdiction over Black Connections. *See Koehler*, 152 F.3d at 306–07. Along with the constitutional and statutory requirements for personal jurisdiction, service of process must be effectuated on Black Connections for this Court to have personal jurisdiction over it. *See Schaffer*, 731 F.2d at 1135-36 ("[A]bsent effective service of process a court is

---

the office of the clerk of the Commission. The party seeking service shall recite the statute or other authority pursuant to which process is being served and shall include the mailing address of the defendant in accordance with subsection D or subsection F of this section.

Va. Code § 12.1-19.1(A).

without jurisdiction to render a personal judgment against a defendant."); *see also Joe Hand Promotions, Inc.*, 920 F. Supp. 2d at 662.

Here, however, service was not reasonably calculated to convey the information to Black Connections, and Black Connections did not receive proper service of process. As such, the Court lacks personal jurisdiction over Black Connections and may not enter default judgment against it. *See Schaffer*, 731 F.2d at 1135-36; *J & J Sports Prods., Inc.*, 2013 WL 6834645, at *2.

### A. The Court May Not Render Default Judgment Against the Defendant Where Defendant Did Not Receive Proper Service of Process

The Federal Rules of Civil Procedure identify a number of ways to properly effectuate service, and permit Grecco Productions to serve Black Connections in a manner that conforms with Virginia law. *See* Fed. R. Civ. P. 4. Here, Plaintiff's registered agent was "unable to make personal service" on Black Connections' registered agent, and attempted to serve Black Connections by posting a copy and the Summons and Complaint on the "main entrance" of Black Connections' registered agent's "usual place of abode." (ECF No. 6, at 3.)

By posting service of process at the address of Black Connections' registered agent, Grecco Productions attempted to follow the "nail and mail" method of substituted service. Virginia law permits this form of service on a Virginia corporation or LLC where the address of the registered agent of the Virginia LLC is a single-family residential dwelling. *See* Va. Code § 8.01-299(3); Va. Code § 8.01–296(2). But for so-called "nail and mail" service to be effective, "not less than 10 days before judgment by default . . . the party causing service or his [or her] attorney or agent [must] mail[] to the party served a copy of such process and thereafter file[] in the office of the clerk of the court a certificate of such mailing" not less than ten days before default judgment may be entered. Va. Code § 8.01–296(2)(b)); *see J & J Sports Prods., Inc.*,

2013 WL 6834645, at *3 ("nail and mail" service on Virginia corporation proper where process server made three failed attempts at personal service at the registered agents' addresses, then delivered the Complaint and Summons "by posted service at the addresses of record for the defendants' registered agents", *and* plaintiff mailed to both defendants' registered agents "a copy of the [Summons and Complaint] *and* plaintiff filed with the Clerk of [the] Court a certificate of such mailing.") (emphasis added).

Here, the record is bereft of any suggestion that Grecco Productions completed the "mail" portion of Virginia's "nail and mail" substituted service provision. In its Motion, Grecco Productions asserts without elaboration or support that "[o]n August 22, 2023, service was perfected on Defendant." (ECF No. 10, at 1 (citing ECF No. 6)); *see also* (ECF No. 7, at 1, Motion for Clerk's Default, (citing ECF No. 6) (flatly stating that "[o]n August 22, 2023, [Black Connections] was served with a copy of the Summons and Complaint in this action")); (ECF No. 7-2, Matthew W. Smith's Declaration of Support of Request for Certificate of Default, at 1 (stating same)). The executed Summons for Black Connections merely establishes that on August 22, 2023, Grecco Productions' process server, "[b]eing unable to make personal service", posted a copy of the Summons and Complaint to the "main entrance" of Black Connections' registered agent's "usual place of abode." (ECF No. 6, at 3.) The Clerk has received no evidence, through a certificate of mailing or otherwise, that Grecco Productions mailed to Black Connections' registered agent a copy of the Summons and Complaint, much less within the time period required by Virginia law. *See* Va. Code § 8.01–296(2)(b); Va. Code § 8.01-299(3).

Posting a copy of the Summons and Complaint to the main entrance of Black Connections' registered agent's abode, without more, insufficiently complies with Virginia law regarding service. *See* Va. Code § 8.01–296(2)(b); Va. Code § 8.01-299(3). It also fails to

12

satisfy the requirements of the Federal Rules because it is not reasonably calculated to, and does not, convey the required information. *See* Fed. R. Civ. P. 4(h)(1) (stating that service of process can be effectuated "by *delivering* a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.") (emphasis added); *see also Mullane*, 339 U.S. at 314.

On this record, the Court cannot conclude that Grecco Productions successfully delivered a copy of the Summons and Complaint to Black Connections' registered agent. By failing to serve Black Connections' registered agent in a manner that comports with the Federal Rules of Civil Procedure or Virginia law, Grecco Productions has not properly effectuated service. *See* Fed. R. Civ. P. 4(e)(1), (h)(1). This record lacks any means by which the Court could determine whether Black Connections knew that a Complaint had been filed against it by Grecco Productions. Without effective service of process, this Court lacks personal jurisdiction over Black Connections and cannot enter a default judgment against it. *Schaffer*, 731 F.2d at 1135-36.

### IV. Conclusion

For the reasons articulated above, the Court concludes that Grecco Productions has failed to timely effectuate service on Black Connections within ninety days of filing its Complaint. Under Federal Rule of Civil Procedure 4(m),[9] this Court must dismiss this action without

---

[9] Federal Rule of Civil Procedure 4(m) provides in relevant part:

(m) TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

13

prejudice unless good cause is shown for Grecco Productions' failure to effectuate service timely.

An appropriate Order shall issue.

Date: 5/17/24  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge